

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

MICHAEL J. HAYES,

              Defendant.

'07 MAR 22 P1 :07

JON ... CLERK

Case No. 06-Cr-171

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Stephen A. Ingraham, Assistant United States Attorney, and the defendant, Michael J. Hayes, individually and by attorney William U. Burke, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGE

2.      The defendant has been charged in a one-count indictment which alleges a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

3.      The defendant has read and fully understands the charge contained in the indictment and fully understands the nature and elements of the crime with which he has been charged and that charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to Count One of the indictment set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1.      *On or about June 13, 2006, in Milwaukee County, in the State and Eastern District of Wisconsin,*

### MICHAEL J. HAYES,

*who previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession of it, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.*

2.      *The firearm is more fully described as a loaded Sturm Ruger & Co., Inc., semi-automatic, model P95DC, 9 mm semi-automatic pistol, serial number 31118157.*

*All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).*

5.      The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits to these facts and that these facts establish his guilt beyond a reasonable doubt:

MPD officers investigated a possible hit and run on June 13, 2006. While in the area of the accident, officers found a damaged car at 2119 North 35th Street. A police officer exited his car and was approached by Mr. Hayes's girlfriend, who said she was in the accident with a friend and called police. The police officer walked onto the porch to talk with the others who were present and noticed a handgun on the porch just to the right of Mr. Hayes.

2

The police officer asked Mr. Hayes if the gun was his and Mr. Hayes admitted that it was, and that he is a convicted felon. The firearm, a 9 mm Ruger semi-automatic, was loaded with one round in the chamber and seven rounds in the magazine. The firearm was manufactured outside the State of Wisconsin.

On June 14, 2006, after waiving his Miranda rights, Mr. Hayes talked to the police officer. Mr. Hayes stated he was having problems with some guys so when he asked his friend "G" about getting a gun, G gave him the 9 mm Ruger for free about a month ago. Mr. Hayes further stated that he knew he was a felon and should not be in contact with any firearms. He signed the written confession. Mr. Hayes had previously been convicted of a felony offense.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

6.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: ten years and $250,000. The count also carries a mandatory special assessment of $100.00, and a maximum of three years of supervised release.

7.      The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

3

## ELEMENTS

8.     The parties understand and agree that in order to sustain the charge of being a felon in possession of a firearm, as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

First, that, prior to June 13, 2006, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year;

Second, that on June 13, 2006, the defendant knowingly possessed a firearm;

Third, that the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on that date.

## SENTENCING PROVISIONS

9.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

## Sentencing Guidelines Calculations

13.     The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which defendant is pleading guilty.

5

## Base Offense Level

15.    The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 20 under Sentencing Guidelines Manual §2K2.1(a)(4).

## Acceptance of Responsibility

16.    The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

17.    Both parties reserve the right to apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18.    Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

6

19. The parties agree to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

## Special Assessment

23. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

7

## DEFENDANT'S WAIVER OF RIGHTS

24. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion as well as certain rights which include the following:

      a. If the defendant persisted in a plea of not guilty to the charge against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

      b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

      c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

      d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

      e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

8

25. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

26. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

27. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

28. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any

9

listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

29. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

30. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

31. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

32. The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

33. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the

10

defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

34. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

11

Case 2:06-cr-00171-JPS    Filed 03/22/07    Page 11 of 12    Document 8

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3-22-07

MICHAEL J. HAYES
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: MAR 22, 2007

WILLIAM U. BURKE
Attorney for Defendant

For the United States of America:

Date: March 22, 2007

STEVEN M. BISKUPIC
United States Attorney

Date: 3-22-07

STEPHEN A. INGRAHAM
Assistant United States Attorney

12